KARL OSKAY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Oskay v. Commissioner
Docket No. 19181-90.
United States Tax Court
T.C. Memo 1992-179; 1992 Tax Ct. Memo LEXIS 189; 63 T.C.M. (CCH) 2559; March 25, 1992, Filed *189 Decision will be entered for respondent Karl Oskay, pro se. Barbara Trethewy and Doreen M. Susi, for respondent. PANUTHOS
PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b). [1]
Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1986 in the amount of $ 7,160. Respondent also determined additions to tax as follows: Sec. 6651(a)(1)
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
$ 1,214
$ 439.75
50% of the interest due on $ 7,160
The issues for decision are: (1) Whether petitioner is entitled to deduct claimed Schedule C expenses; (2) whether petitioner is liable for an addition to tax for failure to file a timely return under section 6651(a)(1); and (3) whether petitioner is liable for additions *190 to tax for negligence under section 6653(a)(1)(A) and (B). FINDINGS OF FACT Some of the facts have been stipulated and are so found. At the time of filing the petition herein petitioner resided at Palm Springs, California. During 1986, petitioner was employed full-time as a program analyst by Blue Cross of California. Petitioner earned a salary of $ 38,593.34 from this employment and reported this amount on his 1986 Federal income tax return. Petitioner also attached two Schedules C to his 1986 return. One Schedule C listed a business as Oskay Machinery Sales & Rebuilding (OMSR). The principal business was reflected as machine tool repair. The Schedule C reported no gross receipts or sales, no gross income, and total deductions of $ 20,343.30. The second Schedule C was for Oskay Engineering (OE). The principal business of OE was reflected as machine shop/metal fabrication. No gross receipts, sales, or gross income were reported on the second Schedule C. Petitioner claimed deductions for this activity in the amount of $ 4,736.18. There was little, if any, business activity for either OMSR or OE during 1986. Petitioner rented a 2,000-square-foot facility where he had *191 a desk and some machinery. In years prior and subsequent to 1986, petitioner attempted to obtain financing for these activities; however, he was unsuccessful. Petitioner did not advertise his activities during the year in issue. Petitioner did not keep any formal records with respect to expenses and generally kept receipts, invoices, and canceled checks in a shoe box. Petitioner was unable to produce many records at trial since some of them had been lost. The parties agree that the 1986 Federal income tax return was filed on August 13, 1987. There is no record of a request for extension having been filed. OPINION We must decide whether petitioner properly claimed business expense deductions described above. The burden of proving that such deductions were properly claimed rests with petitioner. Rule 142(a); . Deductions are a matter of legislative grace and each statutory requirement must be satisfied if the deduction is to be allowed. . Section 162 permits a deduction for all ordinary and necessary expenses paid or incurred in carrying *192 on a trade or business. In , the Supreme Court held that a "trade or business" is an activity pursued full time, in good faith, with regularity for the production of income for a livelihood. The word "ordinary" has been interpreted to mean that an expense must have a reasonably proximate relationship to the operation of the taxpayer's trade or business. . "Necessary" means that the expense must be "appropriate" or "helpful" to the taxpayer's business. ; , affd. . The issues of whether a taxpayer is engaged in a trade or business or whether the expenses are ordinary and necessary are questions of fact. ; . Petitioner failed to present sufficient evidence that he was engaged in a trade or business with respect to OMSR or OE. Petitioner *193 was a full-time employee at Blue Cross during the year in issue. Neither OMSR or OE generated any gross receipts. Petitioner did not adequately explain the nature of his activities at OMSR or OE. No evidence was presented as to the extent of OMSR's or OE's activities in prior or subsequent years. To the extent that the expenses incurred in 1986 might represent startup expenses, petitioner would not be entitled to deduct such expenses. , affd. . Even if we found that petitioner were in the trade or business and that the expenses claimed were ordinary and necessary, petitioner presented very little evidence that the claimed expenses were paid. Petitioner kept virtually no accounting records and presented very little substantiating evidence. In many instances he was unable to adequately explain how he arrived at the deductions claimed on the two Schedules C. Also, since both activities were conducted at the same premises, he could not explain the distinction between expenses claimed for each activity. Petitioner has thus failed to carry his burden of proof *194 in this regard. For the reasons set forth herein, we sustain respondent's determination with respect to the deficiency. Section 6651(a)(1) provides for an addition to tax for failure to timely file a return unless the failure is due to reasonable cause and not due to willful neglect. Petitioner was required to file his 1986 return on or before April 15, 1987. Petitioner bears the burden of proving that he is not liable for the addition. . Petitioner failed to present any evidence as to why he did not timely file his 1986 return; thus he has failed in his burden of proof. Respondent is sustained on this issue. Respondent also determined that a part of the underpayment of tax was due to negligence within the meaning of section 6653(a)(1)(A) and (B). Petitioner has the burden of proof to establish that the underpayment was not due to negligence. . Petitioner claimed deductions on two Schedules C and was unable to adequately explain the nature of the deductions or to substantiate that the amounts claimed had actually been paid. Respondent's *195 determination on this issue is accordingly sustained. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩